Filed 9/30/20  Ramirez v. CL Education CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALEJANDRO RAMIREZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CL EDUCATION, INC. et al.,<br><br>    Defendants and Respondents. | G057779<br><br>(Super. Ct. No. 30-2017-00912173)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Derek W. Hunt, Judge.  Reversed and remanded with directions.

Pacific Premier Law Group, Arash Shridel, for Plaintiff and Appellant.

Western Law Connection, Christopher G. Weston, for Defendants and Respondents.

Plaintiff Alejandro Ramirez (Ramirez) appeals from the trial court's order on his motion for attorney fees.  Ramirez argues the trial court abused its discretion by

awarding without explanation only $1,000 on claimed fees and costs totaling $164,768. We agree. Therefore, we reverse the order and remand with directions for the trial court to reconsider the motion.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs Golnaz Shirdel and Alejandro Ramirez were tutors working for defendants CL Education, Inc., SM Education, Inc., My Kyong Kim, Elaine Kim, and Arlene Kim (defendants). Plaintiffs sued defendants, alleging Labor Code violations. Plaintiff Shirdel was later dismissed, leaving Ramirez as the sole plaintiff. After a series of procedural mishaps, an abortive trial, and various motions, the parties settled the case.

Per the terms of the written settlement agreement, Ramirez was "awarded" $25,001. Defendants agreed to and did make four payments of $5,000 to Ramirez, with the remaining $5,001 waived after the first four payments were timely made. The parties also agreed Ramirez was entitled to recover his attorney fees and costs from defendants, and Ramirez agreed to bring his attorney fee motion within 45 days.

Ramirez filed his attorney fee motion, seeking $161,947.50 in attorney fees (claiming 196.3 hours at a billing rate of $550 per hour, with a contingency multiplier of 1.5) and $2,820.70 in costs. Ramirez provided a declaration of counsel supporting the motion, and a declaration of another lawyer supporting the billing rate and vouching for the quality of Ramirez's counsel's work and the reasonableness of his hourly rate.

Defendants opposed the motion, arguing (1) Ramirez's counsel's work on the case was largely rote, (2) the amount actually paid ($20,000) was below the jurisdictional limit of the court, giving the court discretion to deny or greatly reduce fees and costs, and (3) the fees and costs were not supported by sufficient evidence, particularly with regard to fees incurred in representing the dismissed plaintiff Shirdel and the time spent by Ramirez's counsel traveling to court.

In support of their opposition, defendants provided a declaration of counsel, authenticating certain letters sent by Ramirez's counsel on behalf of plaintiff Shirdel, and

2

a Google Maps estimate of the time needed to travel from Ramirez's counsel's office to the Superior Court of Orange County.

The trial court held a hearing on the motion, took the matter under submission, and issued a ruling by minute order later the same morning.[1]  The minute order awarded $1,000 in attorney fees, was silent as to costs, and contained no findings, calculations, or explanation for the court's decision.  Ramirez timely appealed.

## DISCUSSION

Ramirez contends the trial court abused its discretion by arbitrarily reducing the fees and costs to a total of $1,000 without explanation.  We agree.

We review attorney fee awards, including under the Labor Code, for abuse of discretion.  (*Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1217.)  This is a deferential standard:  "'"[w]e presume the trial court's attorney fees award is correct, and '[w]hen the trial court substantially reduces a fee or cost request, we infer the court has determined the request was inflated.'"'"  (*Warren v. Kia Motors America, Inc.* (2018) 30 Cal.App.5th 24, 36 (*Warren*).)  "At the same time, discretion must not be exercised whimsically, and reversal is appropriate where there is no reasonable basis for the ruling or the trial court has applied 'the wrong test' or standard in reaching its result."  (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239.)

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate."

---

[1]  The transcript of the hearing on the motion and an additional earlier hearing are included in the appellant's appendix, in violation of California Rules of Court, rule 8.124(b)(3)(B).  For that reason, we decline to consider the contents of those transcripts, which, in any event, would not impact our decision because "oral remarks or comments made by a trial court may not be used to attack a subsequently entered order or judgment."  (*Transport Ins. Co. v. TIG Ins. Co.* (2012) 202 Cal.App.4th 984, 1009.)  Further, the transcript of the hearing on the motion suggests the court either did not have access to much of the documentation supporting the motion or failed to review it before the hearing and provides no explanation or rationalization for the $1,000 award.

3

(*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "'California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award.'" (*Ibid.*)

In calculating the lodestar, the trial court is vested with discretion to reduce the number of hours to eliminate time not reasonably spent. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 (*Ketchum*).) The lodestar is then subject to adjustment—upward or downward—to reflect various factors, including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." (*Ibid.*) The trial court also has discretion to deny fees altogether when the fee request is "'unreasonably inflated.'" (*Id.* at 1137.) Even so, the trial court's authority to make adjustments is not unlimited: an attorney fee award that does not "bear some reasonable relationship to the lodestar figure" is an abuse of discretion. (*Press v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 324.)

The trial court need not issue a statement of decision an award of attorney fees. (*Ketchum, supra*, 24 Cal.4th at p. 1140.) Nor must the trial court explain how it calculated the lodestar—or even certify that it did so.[2] (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 67.) But large cuts, either to the hours or to the lodestar itself, must be explained. (*Warren, supra*, 30 Cal.App.5th at p. 41.)

Here, while it is mathematically possible to derive the $1,000 awarded by the trial court from some form of lodestar calculation (e.g., two hours at $500 per hour,

---

[2] Ramirez cites *Kerkeles v. City of San Jose* (2015) 243 Cal.App.4th 88, 102 for the proposition that the trial court must "provide a reasonably specific explanation of all aspects of a fee determination." *Kerkeles* stands for that proposition, but only in the context of fees awarded under 42 United States Code section 1988. The federal standard in *Kerkeles* has not previously been applied in cases under state law fee-shifting statutes.

4

four hours at $250 per hour, etc.), the record shows the trial court did not use this approach. The $1,000 awarded is a round figure, bearing no relationship with Ramirez's counsel's claimed hourly rate ($550 per hour), or the hours claimed by Ramirez's counsel (196.3), or even the reductions suggested by defendants in their opposition. And without some explanation as to the thinking of the trial court in arriving at this figure, we cannot identify any reasonable basis for selecting $1,000 as the amount of the award, as opposed to any other round number.[3] Moreover, the reduction from claimed fees of $161,947.50 to awarded fees of $1,000 was so substantial that at least some explanation or justification was warranted. (*Warren*, *supra,* 30 Cal.App.5th at p. 41.)

Defendants contend the trial court had discretion not to award any fees at all under Code of Civil Procedure section 1033 because Ramirez actually received only $20,000 under the settlement agreement, which amount is less than the jurisdictional minimum for unlimited civil cases. But defendants signed the settlement agreement with Ramirez, and expressly agreed Ramirez was "entitled to recover attorney's fees and costs." Moreover, the trial court did not decline to award any fees at all, but instead awarded $1,000, which defendants have not rationalized or explained.

Accordingly, we reverse the attorney fee award and remand the matter to the trial court to reconsider the motion. In so doing, we express no opinion as to the propriety of any element of Ramirez's fee claim, or of the application or nonapplication of any lodestar multiplier, positive or negative.

## DISPOSITION

---

[3] As described above, the transcript of the hearing on the motion, were we inclined to consider it, also fails to provide any reasonable basis for the $1,000 award. Instead, it tends to support Ramirez's contention the award was arbitrary, because it demonstrates the trial court evidently either had not reviewed or did not have access to Ramirez's full moving papers prior to the 9:00 a.m. hearing, and the trial court issued its decision at 11:38 a.m. that same morning.

5

The order is reversed and remanded with directions for the trial court to reconsider the motion.  Ramirez is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.

6